**Stefan Savic** | Partner

**shipkevich PLLC**
One Liberty Plaza
165 Broadway, Suite 2300
New York, NY 10006

p. 212-252-3003   f. 888-568-5815
www.shipkevich.com

**VIA ECF**
Hon. Louis L. Stanton
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

November 7, 2019

      Re:    *Aluminum Silicon Mill Products v. Deutsche Bank Americas Holding Corp.*
              Case No.: 1:19-cv-08132 (LLS)

Dear Judge Stanton,

      I write on behalf of Plaintiff Aluminum Silicon Mill Products GmbH ("ASMP") in response to the request for a pre-motion conference (Dkt. No. 11) filed by Defendants' Deutsche Bank Americas Holdings Corporation and Deutsche Bank Trust Company Americas (together, "DB" or "Defendants"). Defendants' deadline to answer or move to dismiss the complaint was November 1, 2019. Notwithstanding having over two months to respond to the Complaint, DB waited until 4:53 p.m. on November 1, to seek a pre-motion conference for their "anticipated motion to dismiss the complaint" despite Your Honor's Individual Rules of Practice expressly stating that no pre-motion conference is necessary before filing "<u>motions to dismiss in lieu of an answer</u> . . . ." (emphasis in original). The Court should deny DB's request for a pre-motion conference and Defendants should be precluded from moving to dismiss as the deadline to do so—a deadline DB and ASMP stipulated to—has now passed.

      Defendants' request for a pre-motion conference is also substantively defective. DB does not even state on which grounds or pursuant to which subsection of rule 12(b) Defendants may seek to dismiss the Complaint besides simply stating that "[t]his matter must be dismissed as a matter of law and public policy." Moreover, Defendants seek to frame their conduct as one mandated by OFAC, but the Complaint alleges the exact opposite—that Defendants seized Plaintiff's assets notwithstanding the fact that no one involved in the transaction was a Specially Designated National ("SDN") under the applicable OFAC regulation.

      None of the cases that DB cites to in its request are applicable to the case at bar. For example, *In re 650 Fifth Ave. & Related Properties* deals with a different executive order that is very distinguishable to the executive order relevant here. 881 F. Supp. 2d 533, 547 (S.D.N.Y. 2012). In contrast to the executive order analyzed in *In re 650 Fifth Ave.,* E.O. 13662 states that if an entity is not listed as an SDN—as the complaint states is the case here—but the U.S. person (such as DB) believes the transaction is somehow still subject to E.O. 13662, the transaction should

be rejected and not frozen.[1] In other words, where no SDN person is involved as is the case here, "U.S. persons should reject transactions or dealings that are prohibited" as opposed to freezing them.[2]

DB also cites to *Lee v. Bankers Tr. Co.* for the proposition that "[t]he Act broadly and unambiguously provides for immunity from any law (except the federal Constitution) for any statement made in a [Suspicious Activity Report ("SAR")] by anyone connected to a financial institution. There is not even a hint that the statements must be made in good faith in order to benefit from immunity." 166 F.3d 540, 544 (2d Cir. 1999). But this case does not deal with SAR in any way and DB points to nothing in the OFAC that they can equate to the SAR safe harbor provision.

DB's reliance on *Can v. United States* for the proposition that the Court lacks subject matter jurisdiction where ASMP has failed to exhaust its administrative remedies is also misplaced. 820 F. Supp. 106, 108 (S.D.N.Y. 1993), *aff'd*, 14 F.3d 160 (2d Cir. 1994). The subject matter jurisdiction in *Can* was "mainly founded on federal question jurisdiction." *Id.* Indeed, *Can* was dismissed under the sovereign immunity doctrine because the U.S. was a party and "the limited waivers of sovereign immunity effected in TWEA and the APA are not broad enough to provide the Court with subject matter jurisdiction over plaintiffs' claims." *Id.* at 111. Here, the U.S. is not a party and DB cannot assume the U.S. government's sovereign immunity for purposes of subject matter jurisdiction and, anyway, the basis for jurisdiction in this action is not "mainly" federal question but, rather, diversity.

Finally, Defendants' request mentions that Defendants would seek a stay as an alternative to their motion to dismiss. The relief that Defendants seek, however, is not a stay but an injunction requiring Plaintiff to seek an OFAC license. ASMP need not seek a license because no SDNs are involved in the transaction, the transaction had nothing to do with the United States, and ASMP does not conduct business in the United States.

The Court should deny DB's motion for a pre-motion conference and DB should be precluded from moving to dismiss well after the deadline that it stipulated to.

Respectfully,

Stefan Savic

cc:     Counsel of Record

---

[1] OFAC FAQs: Other Sanctions Programs, Ukraine-/Russia-related Sanctions, Question 370, available at https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_other.aspx#572 (last visited November 7, 2019) ("Directives 1 and 2 do not require U.S. persons to block the property or interests in property of the entities identified in the Directives, nor will persons identified in Directives 1 and 2 automatically be added to the Specially Designated Nationals (SDN) List. U.S. persons should reject transactions or dealings that are prohibited by Directives 1 or 2").

[2] OFAC FAQs, Question 370, *supra*, note 1.