Stefan Savic
Brian L. Grossman
Shipkevic PLLC
165 Broadway, Suite 2300
New York, NY 10006
Telephone: (212) 252-3003
Email: ssavic@shipkevich.com
Email: bgrossman@shipkevich.com

*Attorneys for Plaintiff*

Alan F. Kaufman
Frank Morreale
Nelson Mullins Riley & Scarborough LLP
280 Park Ave, 15th Floor West
New York, NY 10017
Tel: (646) 428-2600
Email: alan.kaufman@nelsonmullins.com
Email: frank.morreale@nelsonmullins.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| ALUMINUM SILICON MILL PRODUCTS GMBH, <br><br> Plaintiff, <br><br> - against - <br><br> DEUTSCHE BANK AMERICAS HOLDING CORPORATION, and DEUTSCHE BANK TRUST COMPANY AMERICAS, <br><br> Defendants. | Civil Action No.: 19-cv-08132 <br><br> **AGREED PROTECTIVE ORDER** <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 11/26/19 |

Pursuant to Fed. R. Civ. P. 26(c) and all other applicable rules, the Court finds that good cause exists for entry of this Agreed Protective Order ("Protective Order") to prevent unauthorized disclosure and use of confidential information during and after the course of this litigation.

Accordingly, IT IS HEREBY ORDERED THAT:

**A. Definition of "Confidential Material"**

1. The term "Confidential Material" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the manner set forth in Paragraphs 3 and 4 of this Protective Order. "Confidential Material" shall mean any material that is designated by Plaintiff or Defendants as such and shall include, without limitation, confidential

1

proprietary, trade secret, technical, research, commercial or financial information within the scope of Fed. R. Civ. P. 26(c)(1)(G) and any other information as agreed to by the parties that a party believes in good faith could be used by a competitor to harm its business or should otherwise remain confidential.

2.  Except as specifically authorized by this Court, Confidential Material shall not be disclosed or revealed for any purpose other than preparing for or conducting this litigation. Prior to the disclosure of any Confidential Material, all persons to whom Confidential Material is disclosed pursuant to the terms of this Protective Order shall be informed of and shown or served with a copy of this Protective Order.

**B.  Designation of "Confidential" and "Highly Confidential" Material**

3.  Any confidential document produced by Plaintiff, Defendants, or a non-party in response to a subpoena may be designated by the person or legal entity producing the same (collectively, the "Producing Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so marking the face and any and all pages of any such document at or prior to the time of production. In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party will make such designation only as to the information that he/she/it believes in good faith contains confidential information or information needing the protection of this Protective Order. Confidential Material shall only be designated "HIGHLY CONFIDENTIAL" if the Producing Party believes in good faith that the disclosure of that information would reveal significant financial information or sensitive information or technical or business advantages of the Producing Party, and which includes as a major portion subject matter that is believed to be unknown to the other party or parties, or any of the employees of corporate parties. Information

or material that is available to the public, including catalogues, advertising materials, and the like, cannot be designated as Confidential Material.

4. Plaintiff, Defendants, or any other person giving deposition testimony in this litigation (collectively, "Deponent") may, provided the Deponent has a good faith basis, designate any or all of the deposition testimony which provides, reflects or is regarding Confidential Material, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deposition testimony or portion thereof shall only be designated "HIGHLY CONFIDENTIAL" if the Deponent or Producing Party believes in good faith that it contains Confidential Material which is permitted hereunder to be designated as "HIGHLY CONFIDENTIAL." The Deponent, or the Deponent's counsel, desiring to designate any portion of a deposition as Confidential Material may do so on the record while the deposition is being taken or, alternatively, the transcript of the deposition (or of any other testimony) may be designated as containing Confidential Material in accordance with this Protective Order by notifying Plaintiff, Defendants, and the Deponent in writing within thirty (30) days of receipt of the transcript that it contains Confidential Material and the specific testimony claimed to be confidential. Except for any deposition or portion thereof designated "HIGHLY CONFIDENTIAL," all deposition transcripts shall be treated as "CONFIDENTIAL" and subject to this Protective Order until such thirty-day period has expired.

C. **Use of Confidential Material**

5. Confidential Material shall be handled, filed, possessed and treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order, and it is the responsibility of every person receiving Confidential Material to safeguard all such material from improper disclosure and compliance with this Protective Order.

6. Access to Confidential Material designated as "CONFIDENTIAL" shall be limited to:

(a) Litigation counsel for the respective parties to this litigation and employees, agents or affiliates of said counsel's firm who are assisting in the prosecution or defense of this litigation.

(b) Outside experts and consultants who are employed, retained or otherwise consulted by counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any employee or affiliate of Plaintiff or Defendants.

(c) The personnel of Plaintiff and Defendants who have a need to know same in connection with the party's prosecution, defense, or decision-making process of this Litigation.

(d) Witnesses who are not personnel of a party while testifying under oath in this Litigation but solely to the extent such disclosure is reasonably necessary for a party's prosecution or defense of this Litigation.

(e) Court personnel in the conduct of their official duties and the trier of fact.

(f) Qualified persons taking testimony involving Confidential Material and necessary stenographic and clerical personnel thereof.

(g) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

7. Access to Confidential Material designated as "HIGHLY CONFIDENTIAL" shall be limited to:

(a) Litigation counsel for the respective parties to this litigation and employees, agents or affiliates of said counsel's firm who are assisting in the prosecution or defense of this litigation.

(b) Outside experts and consultants who are employed, retained or otherwise consulted by counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any employee or affiliate of Plaintiff or Defendants.

(c) Witnesses who are not personnel of a party while testifying under oath in this Litigation but solely to the extent such disclosure is reasonably necessary for a party's prosecution or defense of this Litigation.

(d) Court personnel in the conduct of their official duties and the trier of fact.

(e) Qualified persons taking testimony involving Confidential Material and necessary stenographic and clerical personnel thereof.

(f) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

8. Confidential Material shall not be disclosed to any person or entity under Paragraphs 6(b), 6(c), 6(d), 7(b) or 7(c) unless and until such person or entity has been served with the copy of the Protective Order and a notice of such service has been transmitted to counsel for Plaintiff and Defendants. Any person or entity so served shall be bound by the terms of the Protective Order. Before any disclosure of Confidential Material is made to an expert witness or consultant pursuant to the terms of this Protective Order, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms

9. Nothing herein is intended to preclude the Producing Party from disclosing its own Confidential Material to anyone he/she/it chooses, nor is the Producing Party required to have any expert or consultant sign the form located in Exhibit A if such expert or consultant will only be reviewing the Producing Party's Confidential Material.

10. Any document containing or referring to information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order that either Plaintiff or Defendants intend on filing with the Court must first be sought to be filed with the Court under seal, unless the Court, following notice to the designating party and a hearing, directs that it not be filed under seal.

11. Inadvertent production of a privileged or confidential document does not constitute a waiver of such privilege or confidential status. If Plaintiff, Defendants, or a subpoenaed party inadvertently produces documents or information that he/she/it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information containing what he/she/it believes to be privileged or otherwise protected from disclosure, Plaintiff, Defendants, or subpoenaed party may be entitled to retrieve such documents or information as follows:

(a) Within ten (10) days of the date of discovery, Plaintiff, Defendants, or subpoenaed party shall give written notice to all other parties of the claimed privilege or other protection from disclosure, as well as the factual basis for asserting it and the detailed chronology related to such claim, and in the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the party giving notice shall also furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected. The receiving parties shall immediately make

prompt and reasonable efforts to protect the information and secure it from any person not entitled to receive it.

(b) In the event the party possessing such material is satisfied that the production was inadvertent based upon the submission pursuant to Paragraph 11(a), the document at issue and all copies thereof shall promptly be returned to the Producing Party or shall be destroyed and the party possessing such material shall confirm such destruction to the Producing Party in writing.

(c) In the event the party possessing such material contests the claim that it was inadvertently produced, the matter shall be presented to the Court on motion by the one claiming the inadvertent production; however, the party possessing such material shall take no further action inconsistent with the designation until such time as the challenge is resolved.

(d) The provisions of Paragraphs 11(a) and 11(b) are without prejudice to any other rights any party may have with respect to challenging or defending any claim of relevance, privilege or protection from disclosure.

12. In the event that Plaintiff, Defendants, or any other parties to whom Confidential Material has been disclosed (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person or entity not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as Confidential Material in this action, the party from whom information is sought shall object to production of the Confidential Material and shall give prompt written notice to the other parties to this litigation, where not explicitly prohibited by such legal process, with sufficient time to afford the other party to this litigation to intervene. The notice shall include a copy of any such subpoena, demand, or other process. Should the person or entity seeking access

to the Confidential Material take action to enforce such a subpoena, demand or other legal process, the party from whom the information is sought shall respond by setting forth the existence of this Protective Order. It shall be the Producing Party's sole obligation to litigate any request for production of their Confidential Material.

13. There shall be no obligation to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation when made, and failure to do so when the designation is made shall not preclude a subsequent challenge. If at any time any party or member of the public objects to the designation (the "Objecting Party") of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or to a restriction on the use of such Confidential Material, the Objecting Party shall notify in writing the party that made the designation (the "Designating Party"). Within five (5) business days of the receipt of such notification, counsel for the Designating Party and the Objecting Party shall meet and confer in an effort to resolve any disagreement. If the parties do not resolve their disagreement, the Objecting Party may apply to this Court for a ruling on a showing of good cause that the information or material shall not be so designated. Unless and until such a showing has been made to the satisfaction of the Court and a ruling has been made de-designating the challenged material, the information shall continue to be treated as Confidential Material.

14. Upon the final disposition of this litigation, including appeals, Plaintiff, Defendants, and any other parties to whom Confidential Material has been disclosed shall, without demand, (a) either (i) destroy, or (ii) return to the Producing Party, all Confidential Material, all copies thereof and all other documents containing information taken from the Confidential Material, except that each party's outside counsel may retain copies of pleadings, briefs, motions

and the like actually filed in court that include Confidential Material, and (b) certify in writing that they have complied with the provisions of this Paragraph.

15. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under any applicable law or doctrine, including but not limited to the Federal Rules, the attorney-client privilege or attorney work product doctrine.

16. This Protective Order shall survive the final disposition of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

17. This Protective Order shall be signed by counsel for Plaintiff and counsel for Defendants. The Protective Order may be signed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail shall be as binding as original signatures.

IT IS SO ORDERED.

DATED: **Nov. 26, 2019**

SO ORDERED: _____
Honorable Louis L. Stanton, U.S.D.J.

| SHIPKEVIC PLLC | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| By: _____ <br> Stefan Savic <br> Brian L. Grossman | By: _____ <br> Alan F. Kaufman <br> Frank Morreale |
| 165 Broadway, Suite 2300 <br> New York, NY 10006 <br> Telephone: (212) 252-3003 <br> Email: ssavic@shipkevich.com <br> Email: bgrossman@shipkevich.com | 280 Park Ave, 15th Floor West <br> New York, NY 10017 <br> Tel: (646) 428-2600 <br> Email: alan.kaufman@nelsonmullins.com <br> Email: frank.morreale@nelsonmullins.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

ALUMINUM SILICON MILL PRODUCTS GMBH,

Plaintiff,

- against -

DEUTSCHE BANK AMERICAS HOLDING CORPORATION, and DEUTSCHE BANK TRUST COMPANY AMERICAS,

Defendants.

Civil Action No.: 19-cv-08132

AGREEMENT WITH RESPECT TO CONFIDENTIAL INFORMATION

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Agreed Protective Order ("Protective Order") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Material that is disclosed to me.

8. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Dated: _____            _____