UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALUMINUM SILICON MILL PRODUCTS GMBH,

    Plaintiff,

    – v –

DEUTSCHE BANK AMERICAS HOLDINGS CORPORATION, and DEUTSCHE BANK TRUST COMPANY AMERICAS,

    Defendants.

Civil Action No. 19-cv-08132 (LLS)

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants Deutsche Bank Americas Holding Corporation ("Deutsche Bank Americas") and Deutsche Bank Trust Company Americas ("DBTCA," together with Deutsche Bank Americas, "Defendants") by and through its attorneys, Nelson Mullins Riley & Scarborough, LLP, hereby answers the correspondingly numbered paragraphs of the Complaint dated August 30, 2019 (the "Complaint") of Plaintiff Aluminum Silicon Mill Products GmbH's ("ASMP" or "Plaintiff") as follows, and denies each and every allegation not expressly admitted herein.

### PRELIMINARY STATEMENT

1.     Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first clause of paragraph 2 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

1

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except state that the transaction at issue was blocked in light of Office of Foreign Assets Control ("OFAC") requirements.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except state that the transaction at issue was blocked in light of OFAC requirements.

12. Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

## PARTIES

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 16 of the Complaint, except state that Defendants have not contested subject matter jurisdiction in this proceeding.

17. Defendants deny the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 18 of the Complaint, except state that Defendants have not contested personal jurisdiction in this proceeding.

19. Paragraph 19 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 19 of the Complaint, except state that Defendants have not contested venue in this proceeding.

## STATEMENT OF FACTS

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, excepts state that funds were sent to DBTCA by ING Belgium Brussels with instructions that the funds then be sent to Metkombank.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, except state that certain individuals or entities have transferred funds through DBTCA, which results in the funds being converted into U.S. Dollars.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except state that the funds held by DBTCA were not transmitted to Metkombank.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint and refer to the referenced document and the applicable legal and regulatory framework for the true and correct terms thereof.

38.     Paragraph 38 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the Complaint and refer to the referenced document and the applicable legal and regulatory framework for the true and correct terms thereof.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint, except state that OFAC does publish and, at certain times update, a list of Specially Designated Nationals and Blocked Persons certain entities and refer to the referenced documents and the applicable legal and regulatory framework for the true and correct terms thereof.

40.     Paragraph 40 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and refer to the applicable legal and regulatory framework for the true and correct terms thereof.

41.     Defendants deny the allegations contained in the first clause of paragraph 41 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint, and refer to the referenced documents and the applicable legal and regulatory framework for the true and correct terms thereof.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint and refer to the referenced document and applicable legal and regulatory framework for the true and correct terms thereof, except states that the link set forth in footnote 4 does not currently correlate to a list dated May 23, 2019.

43. Paragraph 43 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint and refer to the applicable legal and regulatory framework for the true and correct terms thereof, excepts states that OFAC may issue a license for certain transactions that would otherwise be prohibited in response to a written license application.

44. Paragraph 44 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 44 of the Complaint and refer to the applicable legal and regulatory framework for the true and correct terms thereof.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, except state that the transaction at issue was blocked in light of OFAC requirements.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except state that the transaction at issue was blocked in light of OFAC requirements.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and refer to the applicable legal and regulatory framework for the true and correct terms thereof.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and refer to the applicable legal and regulatory framework for the true and correct terms thereof.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

## **FIRST CAUSE OF ACTION**
(for Conversion)

63. Defendants repeat, reiterate and reallege each and every response set forth in this Answer with the same force and effect as if more fully set forth herein.

64. Paragraph 64 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of the Complaint, except state that DBTCA is holding the funds at issue in an interest-bearing account.

65. Paragraph 65 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint, except state that the transaction at issue was blocked in light of OFAC requirements.

67. Paragraph 67 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

## SECOND CAUSE OF ACTION
### (for Tortious Interference with Contract)

69. Defendants repeat, reiterate and reallege each and every response set forth in this Answer with the same force and effect as if more fully set forth herein.

70. Paragraph 70 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and refer to the referenced documents for the true and correct terms thereof.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

## THIRD CAUSE OF ACTION
### (for Tortious Interference with Business Relations)

75. Defendants repeat, reiterate and reallege each and every response set forth in this Answer with the same force and effect as if more fully set forth herein.

76. Paragraph 76 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint, except state that, after the transaction, Defendants were told of the alleged relationship between Plaintiff and Kamensk Uralsky Metallurgical Works Joint Stock Company.

78. Paragraph 78 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of the Complaint, except state that the transaction at issue was blocked in light of OFAC requirements.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

## FOURTH CAUSE OF ACTION
(for Negligence)

81. Defendants repeat, reiterate and reallege each and every response set forth in this Answer with the same force and effect as if more fully set forth herein.

82. Paragraph 82 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

## FIFTH CAUSE OF ACTION
### (for Gross Negligence)

85. Defendants repeat, reiterate and reallege each and every response set forth in this Answer with the same force and effect as if more fully set forth herein.

86. Paragraph 86 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of the Complaint.

# AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action upon which relief can be granted. *See, e.g., Receivers of Sabena SA v. Deutsche Bank A.G.*, 142 A.D.3d 242, 259 (1st Dep't 2016).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to the fact that Plaintiff's claims are preempted by the Uniform Commercial Code.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to Plaintiff's lack of standing. *See, e.g., Receivers of Sabena SA v. Deutsche Bank A.G.*, 142 A.D.3d 242, 259 (1st Dep't 2016).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by the fact that Defendants acted in good faith. *See, e.g.,* 50 U.S.C. § 1702 (a)(3).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, because if and when OFAC authorizes the release of the blocked funds, Plaintiff will have no cause of action against Defendants or any damages to claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, as a matter of public policy.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, because Plaintiff's common law claims are preempted by other laws.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to Defendants being immune to suit. *See, e.g.,* 50 U.S.C. § 1702(a)(3); 31 U.S.C. § 5318(g).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by the applicable legal and regulatory OFAC framework.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to Plaintiff's failure and refusal to mitigate its claimed damages and injuries.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust its administrative remedies.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, Plaintiff's damages, if any, were caused by another person or entity for whom or for which Defendants are not responsible.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to the fact that Defendants did not owe or breach a duty to Plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by the doctrines of consent, acquiescence and/or release.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, due to the fact that Defendants were not the proximate or legal cause of Plaintiff's claimed damages.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, by the doctrine of waiver.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations in the Complaint, the Complaint is barred, in whole or in part, as against Deutsche Bank Americas, given that it did not have substantive involvement in the transfer at issue.

***

Defendants reserve the right to assert additional affirmative defenses as warranted based on fact disclosed through discovery or from other sources.

**WHEREFORE**, Defendants pray and respectfully request that the Court enter judgment as follows:

    a.    dismissing the Complaint and any other claims asserted against Defendants in their entirety with prejudice;

    b.    granting Defendants their fees, costs and expenses (including attorneys' fees) of this action; and

    c.    awarding Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
        January 31, 2020

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____  
      Alan F. Kaufman  
      Frank Morreale

280 Park Avenue, 15th Floor West  
New York, New York 10017  
Tel: (646) 428-2600  
Alan.Kaufman@nelsonmullins.com  
Frank.Morreale@nelsonmullins.com

*Attorneys for Defendants*  
*Deutsche Bank Americas Holding Corporation and*  
*Deutsche Bank Trust Company Americas*